UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON DOETSCH<br><br>           Plaintiff,<br>    v.<br>AMERICAN HOUSEHOLD INC., et al.,<br>           Defendants. | Civil No. 05CV1072 J (AJB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |

Before the Court is Plaintiff Jason Doetsch's ("Plaintiff") Motion for Reconsideration of this Court's Order Granting Defendant's Motion for Summary Judgment. [Doc. No. 35.] The issues presented are decided without oral argument. *See* S.D. Cal. Civ. R. 7.1.d.1 (2006). For the reasons stated below, the Court **DENIES** Plaintiff's Motion for Reconsideration.

*Background*

This products liability action stems from injuries sustained by Plaintiff while he was operating a pneumatic air impact wrench sold by Defendant Coleman Powermate, Inc. ("Defendant"). On February 3, 2003, the wrench burst while Plaintiff was using it to remove bolts from a torsion plate on a light-armored vehicle. (*See* Opp'n to Mot. for Summ. J. at 3.) Plaintiff filed a Complaint alleging causes of action under theories of design defect, manufacturing defect, failure to warn, breach of warranty, and negligence. (*See generally*

Compl.) On May 24, 2007, Defendant filed a Motion for Summary Judgment. [Doc. No. 27.] On July 2, 2007, the Court issued an order granting Defendant's Motion for Summary Judgment. [Doc. No. 33.] The Court found that there was no genuine issue of material fact as to Plaintiff's design defect claim because Plaintiff wholly failed to identify any particular design aspect of the wrench that was defective. (July 2, 2007 Order at 7.) As to Plaintiff's manufacturing defect claim, the Court found that there was a genuine issue of material fact as to whether the wrench contained a manufacturing defect. (*Id.* at 11.) The Court based its finding on facts set forth by Plaintiff demonstrating that the wrench involved in the accident contained more porosity than an exemplar wrench. (*Id.*) Nevertheless, the Court found that Plaintiff's manufacturing defect claim could not survive summary judgment because Plaintiff failed to establish a genuine issue of material fact that the porosity caused the wrench to fail. (*Id.* at 14.) Although Plaintiff submitted the declaration of expert witness Dr. David John Coates to establish causation, the Court found that Dr. Coates' opinion that excessive porosity caused the wrench's failure was inadmissible. (*Id.* at 13.) The Court based its conclusion on the fact that Dr. Coates did not support his opinion with peer-reviewed research or an objective source of information, nor did he demonstrate that he followed a generally accepted or scientifically reliable methodology used by other professionals in the field. (*Id.* at 12-13.) Because Plaintiff failed to set forth facts demonstrating that a defect within the wrench caused his injury, the Court found that the essential element of causation was missing as to Plaintiff's design defect, manufacturing defect, breach of warranty, and negligence claims. (*Id.* at 14, 16.) Accordingly, the Court granted Defendant's Motion for Summary Judgment in its entirety.

## *Legal Standard*

A motion for reconsideration is "appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *See Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *See 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). A motion for reconsideration may not be used to raise arguments or

present evidence for the first time when they could reasonably have been raised earlier in the litigation. *See id.; Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

### *Discussion*

Plaintiff argues that Defendant's Motion for Summary Judgment should not have been granted for the following reasons: (1) Plaintiff set forth adequate circumstantial evidence to establish causation under a manufacturing defect theory; and (2) Plaintiff was not required to identify a particular design aspect of the wrench that was defective in order to proceed under a design defect theory. Plaintiff does not submit any newly discovered evidence or an intervening change in the controlling law in support of his Motion. Rather, his Motion is based on "the Court's apparent misinterpretation of the applicable law." (Mot. for Recons. at 16.)

### **I. Plaintiff's Argument that He Set Forth Sufficient Evidence to Proceed Under a Manufacturing Defect Theory**

Plaintiff argues that the Court erred in finding that he failed to establish a genuine issue of material fact as to whether the wrench's porosity caused his injury. (Mot. for Recons. at 4.) He asserts that the Court should not have excluded Dr. Coates' expert testimony. (*Id.*) Plaintiff also asserts that "a plaintiff in a product liability action has a relatively light burden on the issue of causation, and that burden may be satisfied by circumstantial evidence." (*Id.*) He argues that "the Court overlooked the fact that even without the challenged materials in Dr. Coates' declaration, there is still sufficient evidence of causation in this case so that the issue must be submitted to the jury." (*Id.* at 4.)

The Court first examines Plaintiff's argument that the Court erred in excluding the portions of Dr. Coates' declaration relating to causation. Plaintiff attempts to salvage his manufacturing defect claim by pointing to excerpts of Dr. Coates' deposition testimony. (*See id.* at 9.) However, Plaintiff failed to cite this testimony to the Court in his Opposition to Defendant's Motion for Summary Judgment. Plaintiff cannot use his Motion for Reconsideration to raise evidence for the first time that he could easily have raised at the summary judgment stage. *See Kona Enters., Inc.*, 229 F.3d at 890. In any event, the deposition testimony fails to remedy the deficiencies noted by the Court in its Order Granting Summary

Judgment.  Specifically, the deposition testimony fails to set forth the scientific methods or research that Dr. Coates relied upon in reaching his opinion that the porosity of the wrench caused it to burst.  The testimony also fails to set forth the scientific methods or research that Dr. Coates relied upon in determining that the wrench did not burst as a result of being used in excess of its maximum operating pressure.  Plaintiff faults the Court for requiring Dr. Coates to address whether excess pressure might have caused the wrench to burst, stating that he "is not required to disprove every other conceivable cause of the failure."  (*See* Mot. for Recons. at 11.)  However, a district court is permitted to exclude expert witness testimony if the expert fails to offer an explanation for why a proffered alternative cause was ruled out.  *See Clausen v. M/V New Carissa*, 339 F.3d 1049, 1058 (9th Cir. 2003) ("[An] expert must provide reasons for rejecting alternative hypotheses 'using scientific methods and procedures' and the elimination of those hypotheses must be founded on more than 'subjective beliefs or unsupported speculation.'" (quoting *Claar v. Burlington N. R.R. Co.*, 29 F.3d 499, 502 (9th Cir.1994)).  The Court therefore did not commit clear error in excluding Dr. Coates' testimony regarding causation.

The Court next examines Plaintiff's argument that even without Dr. Coates' testimony, he has set forth facts warranting an inference that the porosity of the wrench caused it to burst.  Plaintiff argues that causation may be inferred from the circumstantial evidence that the wrench contained more porosity than an exemplar, that porosity tends to make metal weaker, and, assuming that the wrench was being used at the proper operating pressure, there is no other explanation for the wrench's failure.  (*See* Mot. for Recons. at 10-11.)

California law provides that Plaintiff must demonstrate that the alleged manufacturing defect was a substantial factor in bringing about his injury.  *See Bunch v. Hoffinger Indus., Inc.*, 20 Cal. Rptr. 3d 780, 799 (Cal. Ct. App. 2004).  The link between the manufacturing defect and Plaintiff's injury must be more than negligible or theoretical.  *See id.*

In support of his claim that there is sufficient circumstantial evidence to establish causation, Plaintiff cites, for the first time, a treatise titled "The Influence and Control of Porosity and Inclusions in Aluminum Castings" as well as the deposition testimony of Defendant's expert, Dr. Richard Baron.  (Mot. for Recons. at 9.)  The Court again reminds

Plaintiff that a motion for reconsideration may not be used to present evidence for the first time that could reasonably have been raised earlier in the litigation.  In any event, Plaintiff fails to explain how the treatise is relevant to the specific facts of this case, nor does he indicate whether this treatise is relied upon by experts in the field.  Further, Dr. Baron's deposition testimony does not support the premise that the wrench's porosity caused it to fail.  Plaintiff cites Dr. Baron's testimony for the proposition that "[i]t is a well-known fact that porosity will tend to make a given metal, including cast aluminum alloys, weaker."  (Mot. for Recons. at 9.)  The deposition testimony of Dr. Baron regarding this subject is as follows:

> MS. BLATT: [Y]ou think that the porosity had absolutely no influence on this product failure at all?
> DR. BARON: Well, when you say "absolutely no influence," I don't think it contributed to the failure.
> MS. BLATT: Did it have any influence at all?
> DR. BARON: Well, porosity is going to reduce a cross sectional area of the product.
> MS. BLATT: Thereby causing it to react how?
> DR. BARON: It's going to be–the load bearing area is going to be less.  In this case I believe it's insignificantly less.

(Baron Dep. 33:9-19.)  Dr. Baron's deposition testimony fails to support Plaintiff's theory that the porosity of the wrench caused it to burst, because he testified that the porosity did not contribute to the wrench's failure.  (*Id.* 33:9-12.)   Thus, the additional evidence Plaintiff offers in his Motion for Reconsideration still fails to establish a genuine issue of material fact regarding causation.

Plaintiff also argues that the circumstances surrounding the incident, standing alone, support an inference of causation.  (*See* Mot. for Recons. at 11.)  Specifically, Plaintiff asserts that the facts that the wrench contained more porosity than an exemplar and that it burst while being used under normal operating conditions are sufficient to establish causation.  (*See id.*)  However, the link between Plaintiff's injury and the porosity of the wrench must be more than theoretical.  *See Bunch*, 20 Cal. Rptr. 3d at 799.  Plaintiff has failed to submit any admissible evidence demonstrating a link between the porosity of the wrench and the cause of the wrench's failure.  As a result, the Court cannot reasonably infer causation from the circumstantial evidence Plaintiff offers.  The Court thus **DENIES** Plaintiff's Motion for Reconsideration as to his manufacturing defect claim.

## II. Plaintiff's Argument that He Presented Sufficient Evidence to Proceed Under a Design Defect Theory

Plaintiff argues that in order to establish a design defect, he need only demonstrate that the wrench did not operate as safely as the ordinary consumer would expect. Plaintiff previously presented this argument in his Opposition to Defendant's Motion for Summary Judgment. The Court again rejects this argument because California law provides that a plaintiff seeking to prove a design defect under the consumer expectations theory must establish a prima facie case of causation. *See Campbell v. Gen. Motors Corp.*, 649 P.2d 224, 232 (Cal. 1982) ("[I]n addition to establishing a prima facie case regarding causation, the plaintiff must also produce evidence that the product failed to satisfy ordinary consumer expectations as to safety."). Although Plaintiff would have the Court believe that he need only prove that the product did not satisfy ordinary consumer expectations, California law suggests otherwise. As stated by the California Supreme Court, "Ordinary knowledge . . . as to . . . [the product's] characteristics may permit an inference that the product did not perform as safely as it should. *If* the facts permit such a conclusion, and *if* the failure resulted from the product's design, a finding of defect is warranted without further proof." *Soule v. Gen. Motors Corp.*, 882 P.2d 298, 308 (Cal. 1994) (internal citations and quotations omitted; ellipses in original). Similarly, in *Massock v. Keller Industries, Inc.*, a case cited by Plaintiff in his Motion for Reconsideration, the Ninth Circuit recognized that California law requires a plaintiff asserting a design defect claim to demonstrate that a product's design caused his injury. *See* 147 Fed. Appx. 651, 657 (9th Cir. 2005) ("Liability may be imposed only if the product's design proximately caused the injury to the plaintiff."). Plaintiff therefore must prove not only that the wrench did not perform as safely as it should have, but also that the wrench's failure "resulted from the product's design." *See Soule*, 8 Cal. 4th at 566. Because Plaintiff's Opposition to the Motion for Summary Judgment failed to set forth any facts demonstrating that the wrench's failure resulted from some aspect of its design, the Court did not clearly err in finding that there was no genuine issue of material fact as to his design defect claim.

In addition to arguing that he is not required to prove that the wrench's design caused his injury, Plaintiff now argues, for the first time, that the design of the wrench's drive shaft is defective. (*See* Mot. for Recons. at 16.) A motion for reconsideration is not the proper avenue for raising legal theories that could have been, but were not, raised before the Court issued the order for which reconsideration is sought. *See Kona Enters.*, 229 F.3d at 890. Because Plaintiff's argument that the wrench's drive shaft was defective was not raised in Plaintiff's Complaint or his Opposition to Defendant's Motion for Summary Judgment, it cannot be raised in the instant Motion for Reconsideration. Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration as to his design defect claim.

### *Conclusion*

For the reasons stated above, the Court **DENIES** Plaintiff's Motion for Reconsideration. Accordingly, the hearing set for September 10, 2007, in this matter is **VACATED**.

**IT IS SO ORDERED.**

DATED: August 3, 2007

_____
HON. NAPOLEON A. JONES, JR.
United States District Judge

cc: Magistrate Judge Battaglia
   All Counsel of Record